## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **GLOCK, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:14CV00568-AT** |
| **KENT DE-HUI WU a/k/a KENT WU** | : | |
| **a/k/a KEAT D. WU a/k/a KENNETH** | : | **Judge Amy Totenberg** |
| **WU a/k/a KENNETH WILSON,** | : | |
| **MAY-FONG CHU a/k/a MAY CHU** | : | |
| **a/k/a MAY FUN CHU a/k/a MIAN CHU** | : | |
| **a/k/a MAY SCHWARZ, THE WUSTER,** | : | |
| **DA WUSTER, INC., DA WUSTER** | : | |
| **CORP., WUSTER & CHEWY, LLC** | : | |
| **(California), WUSTER & CHEWY, LLC** | : | |
| **(Washington), THE WUSTER, INC.,** | : | |
| **XYZ CORPORATIONS 1-10, and** | : | |
| **ABC LIMITED LIABILITY** | : | |
| **COMPANIES 1-10,** | : | |
| | : | |
| **Defendants,** | : | |

## <u>STIPULATION AND CONSENT PROTECTIVE ORDER</u>

WHEREAS, this action ("the Lawsuit") between GLOCK, Inc. and

Defendants Kent De-Hui Wu a/ka/ Kent Wu a/k/a Keat D. Wu a/k/a Kenneth Wu

a/k/a Kenneth Wilson ("Wu"), May-Fong Chu a/k/a May Chu a/k/a May Fun Chu

a/k/a Mian Chu a/k/a May Schwarz, The Wuster, Da Wuster Inc., Da Wuster

Corp., Wuster & Chewy LLC (California), Wuster & Chewy LLC (Washington),

and The Wuster Inc. (collectively "the Parties") may require in discovery and/or in discussion of the potential for settlement the production of information and documents that are considered by the Parties or any third party to be confidential, proprietary, trade secret, or other sensitive information (the "Confidential Information"), the disclosure of which could be competitively harmful or impinge on any person's personal privacy rights; and

WHEREAS, an agreement regarding the limitations on the disclosure and use of the Confidential Information by the Parties is desirable for the orderly conduct of the Lawsuit, while at the same time providing the Parties with protection from the misuse of the Confidential Information.

THEREFORE IT IS HEREBY STIPULATED by and between the Parties and they request the Court to enter an order on the following terms to protect the Confidential Information discussed, produced and/or filed by the Parties, or any third-party witness, including, but not limited to, records, information, documents, audio/video tapes and/or computer files produced during the course of the Lawsuit:

1. The Parties agree and request that an order be issued to limit all Parties' use of, and public access to, other Parties' Confidential Information. The Parties seek the Court's prompt entry of this order so that at no time will any Confidential Information be subject to improper use or scrutiny by the public

and/or improper use by competitors of the Parties or of non-party witnesses that provide information.

2.The Court has the inherent power to limit the public's access to certain Court files.

3.The Parties and third Parties have a substantial interest in maintaining the privacy of Confidential Information.

4.The harm which would likely be suffered by the Parties and non-Parties if their Confidential Information was publicly disclosed, or disclosed beyond attorneys and this Court, substantially outweighs the public interest in accessing this information.

5.Compelling circumstances exist for the entry of a protective order and an order limiting access to Confidential Information the Parties must exchange during discovery, and in affidavits and other documents which the Parties may file with the Court through the pendency of this litigation.

WHEREFORE, the Parties having stipulated hereto and this Court having made the preceding findings, IT IS HEREBY ORDERED:

1. **PROTECTED INFORMATION.** As used herein, the term "CONFIDENTIAL INFORMATION" means financial and accounting information, personnel file information, and private personal or business

information, including, but not limited to customer pricing, sales records strategy, and designs. "ATTORNEYS' EYES ONLY" information means particularly sensitive or competitive information which satisfies the definition of CONFIDENTIAL INFORMATION _and_ whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. CONFIDENTIAL and ATTORNEYS' EYES ONLY information may be contained in (a) documents of every kind or description; (b) taped, electronically stored, videotaped, recorded, filmed or computer records of every kind or description; (c) responses to written discovery requests, including responses to interrogatories and requests for admissions; (d) physical objects, samples or other tangible items; (e) oral testimony at depositions, in Court, or otherwise; (f) settlement discussions; (g) copies, notes, summaries or other records of the foregoing, including legal briefs and pleadings; and (h) forensic images of computers or other electronic devices.

2.    **"QUALIFIED PERSONS" DEFINED.**  Access to CONFIDENTIAL information or documents shall be limited to the following "QUALIFIED PERSONS":

a. The Court, its officers and employees and any certified stenographic reporter, camera operators (if a deposition is videotaped), or persons assisting such reporter in the taking, transcription, or other handling of any deposition or trial transcript;

b. Counsel for the Parties, including counsel of record, their paralegals and other employees assisting in this litigation, as well as employees of reputable outside copy services and litigation support service providers employed by such counsel in connection with the Lawsuit, to the extent that such disclosure is necessary, in such counsel's reasonable judgment, for the prosecution or defense of this case;

c. The Parties to this litigation, including members, officers, agents, managers, and employees of such Parties who are assisting counsel in the prosecution or defense of this litigation;

d. Arbitrators, mediators or other persons involved in any settlement discussions;

e. Persons specially retained by the Parties as experts or consultants to assist in the preparation of this litigation for trial who are bona fide experts in the fields relevant to the subject matter of this action, except that any such person may be shown information and documents

designated under this Protective Order only to the extent necessary to render such expert assistance;

f.  Any lay witness from whom testimony has been or may be taken in this litigation, except that any such person may be shown information and documents designated under this Protective Order only to the extent that such materials are reasonably related to the personal knowledge of the witness and are necessary for such testimony or testimonial preparation; and

g.  Any other person as to whom the Parties agree in writing.

3.  **LIMITS ON ACCESS TO ATTORNEYS' EYES ONLY INFORMATION.**  Access to ATTORNEYS' EYES ONLY information or documents shall be limited to the following:

a.  Outside counsel of the Parties in this litigation and employees of such counsel and in-house counsel to whom it is reasonably necessary that information be shown for purposes of this litigation, as well as employees of reputable copy services and litigation support service providers employed by such counsel in connection with the Lawsuit, to the extent that such disclosure is necessary, in such counsel's reasonable judgment, for the prosecution or defense of this case;

b. The Court, its officers and employees, and any certified stenographic reporter, camera operators (if a deposition is videotaped) or persons assisting such reporter in the taking, transcription, or other handling of any deposition or trial transcript;

c. Arbitrators, mediators or other persons involved in any settlement discussions;

d. Any independent person not a party to this Lawsuit appointed by the Court or mutually agreed upon by the Parties to act as an expert or consultant to review the software, system design documents, and/or electronic documents that are the subject matter of this Civil Action, or persons specially retained by the Parties as experts or consultants to assist in the preparation of this litigation for trial who are bona fide experts in the fields relevant to the subject matter of this action, except that any such person may be shown information and documents designated under this Protective Order only to the extent necessary to render such expert assistance; and

e. Any other person as to whom the Parties agree in writing.

4. **USE SOLELY FOR THIS LITIGATION.** All CONFIDENTIAL and ATTORNEYS' EYES ONLY information and documents produced in the course of this litigation shall be used solely for purposes of the Lawsuit and

shall not be disclosed except in accordance with the provisions of this Protective Order. Use of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information, documents or other materials, subject to this Protective Order, including all derivative information therefrom, shall not be used by any party or non-party witness for any business, competitive, or personal reasons or for any purpose other than in connection with this Lawsuit.

If, at any time, any CONFIDENTIAL or ATTORNEYS' EYES ONLY information is subpoenaed by any court, tribunal, administrative, or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena is directed shall immediately give written notice thereof to the counsel of record for the party, person, entity, or third-party who has designated it as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Counsel for the party to whom the subpoena is directed shall serve objections to producing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information sought in the subpoena, or move for a protective order, on the basis that it is prohibited by the terms of this Protective Order from disclosing such materials.

5.    **DISCLOSURE TO NON-QUALIFIED PERSONS.**    Should any CONFIDENTIAL or ATTORNEYS' EYES ONLY information be disclosed

to any non-qualified person, through inadvertence of a party, or through the act or omission of any party, the non-qualified person (a) shall be informed promptly of the provisions of this Stipulation and Consent Protective Order by the party who first learns of the inadvertent disclosure and upon such notice shall be subject to the terms of this Order; (b) shall be identified immediately to all other Parties; and (c) shall be directed, if within the control of a party, or otherwise asked, to sign the Acknowledgement Regarding Confidentiality and Consent to Jurisdiction attached hereto as Exhibit A. The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the non-qualified persons' assent to the Acknowledgement Regarding Confidentiality and Consent to Jurisdiction and/or the return of the CONFIDENTIAL or ATTORNEYS' EYES ONLY information from such non-qualified person(s) as applicable.

If counsel of record for the receiving party desires to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information or documents to persons who are not QUALIFIED PERSONS, or to discuss the contents of such materials with third Parties who are not QUALIFIED PERSONS, they shall make a request in writing to counsel of record for the party that produced such materials. This request shall identify the information or documents sought to be disclosed, the

individual to whom disclosure is sought by name, address and employment position, and shall state, in general terms, the reasons why such disclosure is sought by the requesting party. If the producing party fails to object in writing to such request within ten (10) business days of receipt of such request, the request shall be deemed granted.

6.  **NON-WAIVER OF PRIVILEGE.** This Protective Order applies to the inadvertent production of any privileged information or materials. Such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. If a party inadvertently produces privileged information or materials, the production of that information or material shall not be deemed to constitute the waiver of any applicable privilege. In such circumstances, the producing party must immediately notify the receiving party in writing of the inadvertent production and request the return or confirmed destruction of the privileged information or materials. Within ten (10) business days after receiving such notification, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take

reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Further, if the receiving party has disclosed the information or document to others before being notified of the claim of privilege or protection, the receiving party must take reasonable steps to retrieve and return or destroy the disclosed information. The Parties further agree that they will not assert that a producing party's production of such information in the course of this Lawsuit constitutes a waiver of any privilege or protection that applies to the information or document if the disclosure was inadvertent and reasonable steps were taken to prevent and rectify the disclosure. The receiving party, upon receiving a privilege log identifying the document as privileged or protected, remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document, by itself, affected a waiver of any privilege or protection.

7. **FAILURE TO AGREE.** Upon failure of counsel to agree upon a disclosure as CONFIDENTIAL or ATTORNEYS' EYES ONLY, an objecting party may notify the designating party in writing by setting forth the reasons supporting such objection. The Parties shall meet and confer

over the objection within ten (10) business days after the designating party receives the objection. If the Parties are unable to resolve the objection, the burden shall be on the party asserting confidentiality to establish the confidentiality of the materials in question. The party challenging confidentiality shall have twenty (20) days after the conclusion of the meet and confer process to move the Court for an Order to remove the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. In connection with any such motion, the burden shall be on the party asserting confidentiality to establish the confidentiality of the materials in question before the Court. In no event shall any party hereto disclose: (a) CONFIDENTIAL information or documents to persons who are not QUALIFIED PERSONS or (b) ATTORNEYS' EYES ONLY information or documents to persons other than those set forth in Paragraph 3, pending judicial determination of such dispute. The Parties may agree to extend the time limitations set forth in this Paragraph 7.

8.    **RESPONSIBILITY OF NOTICE.** It shall be the responsibility of each party to this Protective Order to advise each and every QUALIFIED and NON-QUALIFIED PERSON to whom CONFIDENTIAL information or documents are made available by said party of the terms of this

Protective Order. In addition, before receiving any CONFIDENTIAL information or documents, each and every QUALIFIED and NON-QUALIFIED PERSONS to whom CONFIDENTIAL information or documents are made available must first sign a written Acknowledgement Regarding Confidentiality and Consent to Jurisdiction (in the form attached hereto as Exhibit "A"), except for those QUALIFIED PERSONS defined in paragraphs 2(a) and (b) and 3(a) and (b) hereof, to be bound by the terms of this Protective Order and to subject themselves to the authority of the Court for purposes of obtaining compliance with this Protective Order and/or for purposes of the imposition of appropriate sanctions for violations of this Protective Order. All such executed Acknowledgements shall be retained by counsel securing their execution.

In the event materials are produced in this action which, in a party's opinion, should have been, but were not, designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, such party may designate such material as CONFIDENTIAL or ATTORNEYS' EYES ONLY and all persons to whom such documents have been disclosed shall attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents earlier been designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. The

receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such an objection being timely made, and the parties are not otherwise able to resolve the dispute, the objection may be presented to this Court by the receiving party for determination as to whether or not such material can properly be reclassified. In connection with any such motion, the burden shall be on the party asserting confidentiality to establish the confidentiality of the materials in question before the Court. Until a ruling is made by this Court on the objection, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally.

Any prior dissemination of materials produced in this action, which subsequently are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a violation of this Order.

9.    **LIMITATIONS OF THIS ORDER.**

Nothing in this order should be construed to allow a party or third party to designate a document or information as either CONFIDENTIAL or ATTORNEYS' EYES ONLY merely because the document or information is harmful to a claim, defense or objection of party or third party to this litigation.

Nothing in this order shall prevent a party or their counsel from complying with rules of professional conduct.

10. Nothing in this order shall restrict a party or witness from viewing a document authored (in whole or in part), or previously received or sent to that party or witness. In no instance shall one party have the ability to designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY information of an opposing party. Only the author, custodian or owner of the information or their employer shall be able to assign a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation for documents, data or testimony. **RETURN OF MATERIALS.** Within thirty (30) days after the conclusion of this Lawsuit by settlement, dismissal of a party for any reason, final judgment or final order, including all appeals, counsel of record for the receiving party shall retrieve all originals and any copies of any documents and/or materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order that they disclosed to any QUALIFIED or NON-QUALIFIED PERSON (other than the Court) and shall return such documents and/or materials to counsel of record for the producing party. Counsel shall certify the destruction of all materials which constitute work product incorporating CONFIDENTIAL or ATTORNEYS' EYES ONLY

except for any memoranda, declarations or other documents that were publicly filed with the Court.

11.   **USE OF CONFIDENTIAL MATERIALS AS EVIDENCE AND AT TRIAL.**

Rule III.A of the Administrative Procedures For Filing, Signing, and Verifying Pleadings and Papers By Electronic Means of the U.S. District Court for the Northern District of Georgia shall apply to all documents that are to be filed under seal with the Court. Section III.E of the Guidelines to Party and Counsel in Cases Proceeding Before The Honorable Amy Totenberg shall apply to all requests to file documents under seal pursuant to this Protective Order for so long as this case is pending before Judge Totenberg.

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has good cause to request sealing of material marked or identified as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the party shall first present directly to the Court's chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed. The

Court will then review the material *in camera* and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the signed motion and accompanying materials to the Clerk of Court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

Information, documents, and other materials, subject to this Stipulation and Consent Protective Order, may be introduced into evidence at trial or at other hearings, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the Parties to allow arrangements to be made for appropriate treatment of the CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, information, or other materials. Reference in the pretrial

order to specific documents by Bates number or deposition testimony by page shall be sufficient advance notice. In the event that the transcript of the trial is prepared, any party may request in writing prior to the preparation of said transcript, that certain portions thereof, which contain testimony about CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, information, and materials, be filed under seal. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, information, or other materials are used in any court proceeding in this Lawsuit or any appeal therefrom, subject to the applicable court rules, said CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL documents, information, or other materials shall not lose their status as CONFIDENTIAL or ATTORNEYS' EYES ONLY CONFIDENTIAL.

No documents bearing the designation ATTORNEYS' EYES ONLY shall be presented to the jury. The party presenting the document shall have the responsibility to remove such ATTORNEYS' EYES ONLY designations before the document is presented at trial. Such designation removals shall be revealed on a document by document basis (using Bates numbers if available and other specific identification information if Bate numbers are not available or are unhelpful in revealing the exact document or testimony for which the designation is being removed).

12. **MARKING OF MATERIALS.** All information or documents (including, without limitation, interrogatory answers, responses to requests for production, pleadings, motions, declarations and exhibits) that contain, incorporate or quote the substance of documents or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Protective Order shall be prominently marked "CONFIDENTIAL" or "CONFIDENTIAL/ATTORNEYS' EYES ONLY", as applicable.

13. **DEPOSITION TRANSCRIPTS.** A deposition transcript and video (if a deposition is recorded by video), or any part thereof that meets the requirements of Paragraph 1, may be designated by any party requesting CONFIDENTIAL or ATTORNEYS' EYES ONLY treatment either (1) on the record, or (2) by written communication mailed within twenty days (20) days after receipt by the Parties of the transcript for review by the witness, and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL discovery material. Only those portions of the transcripts designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be deemed confidential pursuant to this Stipulation and

Consent Protective Order. All Parties shall treat a deposition transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY during the twenty (20) days after receipt by the Parties of the transcript. Copies of all exhibits designated under this Order shall be separately marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (as applicable).

14.     **OBJECTIONS AND RIGHTS RESERVED.** This Protective Order shall not prejudice the rights of, or prevent, any party from:

    a. Objecting on any valid grounds to the production of any materials;

    b. Objecting to the offer or introduction of any materials into evidence on any valid ground at the time such document is offered; and

    c. Seeking additional, lesser or other protection from the Court concerning any material.

15.     **MODIFICATIONS.** Any party hereto may apply to the Court, on reasonable notice to all Parties, for relief from or modification of any provision of this Protective Order or for an order determining that any information or documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY are not entitled to such protection. In connection with any such motion, the burden shall be on the party asserting confidentiality to establish the confidentiality of the materials in question,

but prior to the judicial determination of such dispute, no party hereto shall disclose CONFIDENTIAL information or documents to persons who are not QUALIFIED PERSONS or disclose ATTORNEYS' EYES ONLY information or documents to persons other than those set forth in Paragraph 3 herein.

16. **EFFECTIVE UPON EXECUTION.** The Parties agree that this Stipulation and Consent Protective Order shall be binding as an agreement between the Parties upon execution by the Parties before entry by the Court, and that each party shall consider itself bound to this Stipulation and Consent Protective Order while awaiting the signature of its counterparties. The Parties further agree that if for any reason this Stipulation and Consent Protective Order is not accepted by the Court, they will promptly execute and submit a revised Stipulation and Consent Protective Order that addresses the Court's concerns. This stipulation may be signed in counterpart via facsimile or .pdf format, and such signatures shall be deemed original for all purposes.

17. **COURT TO RETAIN JURISDICTION.** Nothing in this Order or the negotiation or entry thereof shall prejudice or constitute a waiver of any party's claims or defenses, or prejudice any party's position on their claims

and defenses in any way. For purposes of enforcement of this Stipulation and Consent Protective Order only, the Parties agree that this Stipulation and Consent Protective Order shall survive the final disposition of this Lawsuit, and that after final disposition of this Lawsuit, this Court shall retain continuing jurisdiction to resolve any dispute arising under this Stipulation and Consent Protective Order.

Agreed to and accepted this 9th day of July, 2014.

| | |
|---|---|
| /s/ Julianna E. Orgel | /s/ A. Jarrod Jenkins |
| John F. Renzulli (*pro hac vice*) | Jeffrey D. Horst |
| Scott C. Allan (*pro hac vice*) | Georgia Bar No. 367834 |
| Nicole A. Spence (*pro hac vice*) | horst@khlawfirm.com |
| Julianna E. Orgel (*pro hac vice*) | A. Jarrod Jenkins |
| RENZULLI LAW FIRM, LLP | Georgia Bar No. 466268 |
| | jenkins@khlawfirm.com |
| Christopher E. Parker | KREVOLIN & HORST, LLC |
| Georgia Bar No. 562152 | *Attorneys for Defendants* |
| Kelly L. Whitehart | |
| Georgia Bar No. 755477 | |
| MILLER & MARTIN PLLC | |
| *Attorneys for Plaintiff* | |

SO ORDERED this 10th day of July, 2014.

Amy Totenberg
United States District Judge

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **GLOCK, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:14CV00568-AT** |
| **KENT DE-HUI WU, et al.** | : | |
| | : | **Judge Amy Totenberg** |
| **Defendants,** | : | |

## ACKNOWLEDGEMENT REGARDING CONFIDENTIALITY

STATE OF _____)

                        ) SS.:

COUNTY OF _____)

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Consent Protective Order ("Order") entered in the above titled action the United States District Court for the Northern District of Georgia (Atlanta Division), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I recognize that the producing party will be irreparably harmed by the dissemination of any materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. I understand that unauthorized disclosures of materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in violation of this Order shall constitute contempt of Court. I consent to the exercise of personal jurisdiction by this Court for purposes of enforcement of all terms of this Order.

Dated: _____

_____
Signature

_____
Printed Name


_____
(Affiliated Company)


_____
(Address)


_____
(City, State, Zip)


_____
(Telephone Number)


Relationship to this lawsuit: _____


Subscribed and sworn to before me this _____day of _____, 20___.

_____
Notary Public