IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Glock, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 1:14 –CV-568-AT |
| The Wuster, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

NOW COME Plaintiff Glock, Inc. ("Glock") and Defendant The Wuster, and, pursuant to Local Rule 16.2, hereby jointly file this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

    *a. Describe briefly the nature of this action:*

    As framed by Glock's Complaint, this is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., trade dress and trademark infringement under § 32 of the Lanham Act, Federal unfair competition under § 43(a) of the Lanham Act, false designation of origin and false advertising under § 43 (a) of the Lanham Act, Federal trade dress and trademark dilution

under § 43(c) of the Lanham Act, deceptive trade practices under Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et. seq., unfair competition under Georgia's unfair competition statute, O.C.G.A § 23-2-55, et seq., unjust enrichment, disgorgement and constructive trust in violation of the common law.

Defendant has asserted counterclaims for declaratory judgment of non-infringement and invalidity of Glock's patent, trademark, and trade dress; breach of contract; unfair competition under California's Business & Professions Code § 17200, et seq. and California common law; cancellation of Glock's registered U.S. Trademarks; and attorneys' fees.

> *b. Summarize in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:*

Glock manufactures, imports and sells Glock brand pistols and other products. Glock has been issued United States Patent No. 8,156,677 ('677 Patent") for a backstrap, and holds several federally registered trademarks and trade dress registrations. Glock alleges that Defendant The Wuster marketed and sold unlicensed and unauthorized airsoft pistols ("Airsoft Pistols at Issue") that violate its intellectual property rights. Based on the above, Glock alleges that The Wuster has infringed the '677 Patent, infringed and diluted Glock's trade dress

and trademarks, and has engaged in unfair competition, false designation of origin and false advertising, and deceptive trade practices.

The Wuster alleges that it has not infringed or diluted Glock's trademarks, trade dress, or the '677 Patent or engaged in unfair competition, false designation of origin and false advertising, or deceptive trade practices. The Wuster alleges that Glock's trademarks, trade dress, and the '677 Patent are invalid. The Wuster also alleges Glock breached the March 1, 2010 Settlement Agreement and Release by filing the instant action, and that by filing this action, among other conduct, Glock engaged in unfair competition.

    *c. The legal issues to be tried are as follows:*

1. Whether The Wuster has infringed Glock's '677 Patent.
2. Whether The Wuster has infringed Glock's trade dress.
3. Whether The Wuster has infringed Glock's trademarks.
4. Whether The Wuster has engaged in unfair competition.
5. Whether The Wuster has diluted Glock's trade dress.
6. Whether The Wuster has diluted Glock's trademark.
7. Whether The Wuster has engaged in deceptive trade practices.
8. Whether The Wuster engaged in false designation of origin and false advertising.

9. Whether The Wuster was unjustly enriched by its use of Glock's patent.

10. Whether The Wuster was unjustly enriched by its use of Glock's trademarks.

11. Whether The Wuster was unjustly enriched by its use of Glock's trade dress.

12. The scope of injunctive relief, if any, to be awarded to Glock.

13. The amount of damages, if any, to be awarded to Glock.

14. Whether The Wuster's actions were willful, malicious, intentional, or done knowingly, entitling Glock to enhanced, punitive, and/or exemplary damages.

15. Whether Glock is entitled to attorney's fees and, if so, the amount.

16. Whether The Wuster is entitled to a declaratory judgment of non-infringement with regard to Glock's '677 patent.

17. Whether Glock's '677 Patent and the claims of such patent are invalid and/or unenforceable.

18. Whether The Wuster is entitled to a declaratory judgment of non-infringement with regard to Glock's trademarks and trade dress.

19. Whether Glock's trademarks and/or trade dress are invalid and/or unenforceable.

20. Whether Glock's claims are barred by res judicata, collateral estoppel, and/or equitable estoppel or other estoppel.

21. Whether Glock's claims are barred by the applicable statute of limitations and/or laches.

22. Whether Glock's claims are barred by any or all of The Wuster's affirmative defenses.

23. Whether Glock breached the March 2010 Settlement Agreement and Release with Da Wuster, Inc., and violated the Stipulation of Dismissal, by filing the Complaint against The Wuster in this action.

24. Whether Glock has engaged in unfair competition.

25. Whether Glock's actions were willful, malicious, intentional, or done knowingly, entitling The Wuster to enhanced, punitive, and/or exemplary damages.

26. The scope of injunctive relief to be awarded to The Wuster from any declarations of invalidity and/or non-infringement.

27. The amount of damages, if any, to be awarded to The Wuster for Glock's alleged breach of contract and/or unfair competition.

28. Whether Glock's trademark Registrations Nos. 1,381,064, 1,691,390, 2,440,268, 2,807,745, 2,807,747, 4,038,822, and 4,304,831 should be cancelled.

29. Whether The Wuster is entitled to attorney's fees, and if so, the amount.

30. Whether The Wuster's claims are barred by any or all of Glock's affirmative defenses.

   *d. The cases listed below (include both style and action number) are:*

   (1) Pending Related Cases: *Landmark American Insurance Co., v. Wu*, No. 2:14-CV-04229-CAS-JC (Central District of California).

   (2) Previously Adjudicated Related Cases: *Heckler & Koch, Inc. v. AirSplat*, Nos. 2:09-cv-09123-CAS-VBK (Central District of California), 1:09-cv-00749-WTL-DML (Southern District of Indiana), 29 D03-0905-PL-628 (Indiana State Court).

**2. This case is complex because it possesses (1) or more of the features listed below (please check):**

The parties believe this case is complex because it possesses the following features:

__ (1) Unusually large number of parties

_x_ (2) Unusually large number of claims or defenses

_x_ (3) Factual Issues are exceptionally complex

_x_ (4) Greater than normal volume of evidence

_x_ (5) Extended discovery period is needed

__ (6) Problems locating or preserving evidence

__ (7) Pending parallel investigations or action by government

_x_ (8) Multiple use of experts

_x_ (9) Need for discovery outside United States boundaries

_x_ (10) Existence of highly technical issues and proof

__ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

Plaintiff:

    John F. Renzulli
    Renzulli Law Firm, LLP
    81 Main Street
    Suite 508
    White Plains, New York 10601
    Tel: (914) 285-0700

Defendant:

<u>Jeffrey D. Horst</u>
<u>Krevolin & Horst, LLC</u>
<u>One Atlantic Center</u>
<u>1201 West Peachtree Street, NW</u>
<u>Suite 3250</u>
<u>Atlanta, Georgia 30309</u>
<u>Tel: (404) 888-9700</u>

**4. Jurisdiction:**

*Is there any question regarding this court's jurisdiction?*

_ X _Yes   ___ No

*If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5. Parties to This Action:**

a. *The following persons are necessary parties who have not been joined*:

<u>None known at this time, but subject to discovery.</u>

b. *The following persons are improperly joined as parties:*

<u>None.</u>

c. *The name of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

<u>None.</u>

8

*d. The parties shall have a continuing duty to inform the court of any contentions, regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6. Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.*

*a. List separately any amendments to the pleadings which the parties anticipate will be necessary.*

<u>The parties are not presently aware of the need to amend the pleadings</u>.

*b. Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7. Filing Times for Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

*a. Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*b. Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

c. *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B; and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d. *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.* NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

<u>The parties will serve their initial disclosures by April 8, 2015, thirty days from when defendant's answer was filed.</u>

9. **Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

<u>The parties do not request a scheduling conference at this time.</u>

10. **Discovery Period**

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) month discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to*

*which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:*

- The number of Airsoft Pistols at Issue sold by Defendant
- The revenue Defendant has earned from the sale of the Airsoft Pistols at Issue
- Sources from which Defendant has obtained the Airsoft Pistols at Issue
- Importation of Airsoft Pistols at Issue
- Licensing agreements Defendant has with other firearms manufacturers
- Defendant's relationship and contracts with other airsoft retailers and manufacturers
- Advertisements and brochures of Airsoft Pistols at Issue in print and online through social media and Defendant's website
- Inventory of Airsoft Pistols at Issue
- Defendant's affirmative defenses
- Defendant's counterclaims
- Plaintiff's '677 patent
- Plaintiff's trademarks
- Plaintiff's trade dress
- The parties' intellectual property
- Plaintiff's knowledge of and when it discovered any alleged infringement
- Plaintiff's knowledge of other alleged infringement of its intellectual property by Defendant or third parties
- Defendant's alleged use of Glock's intellectual property
- Defendant's knowledge, if any, of the Glock brand and its intellectual property portfolio
- Information regarding how Defendant packages Airsoft Pistols at Issue
- The March 2010 Settlement Agreement and Release between Glock and Da Wuster, Inc.
- Customization of Airsoft Pistols at Issue for, or by, Defendant

- Glock's alleged damages and lost sales caused by The Wuster's marketing, making available for sale, or sale of Airsoft Pistols at Issue
- Glock's efforts to protect its intellectual property
- Glock's knowledge of The Wuster's marketing, making available for sale, and sale of Airsoft Pistols at Issue
- Glock's development and sale of pistols which it claims have been copied by The Wuster

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues please state those reasons in detail below:*

Fact discovery will begin on April 8, 2015, thirty days from when defendant's answer was filed. The parties request eight months to complete fact discovery, followed by an additional two months to complete expert discovery.

**11. Discovery Limitation:**
  (a) *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

Responses to interrogatories, requests for production and requests for admissions shall quote verbatim the interrogatory or request to which a response or objection is stated and shall be served by mail and electronically in Word (.doc, .rtf, or searchable .pdf) format.

  (b) *Is any party seeking discovery of electronically stored information?*

  __X____Yes            _____No

  If "yes,"

  1. *The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility search terms, date limitations, or key witnesses) as follows:*

<u>Counsel for the responding party will work with their client to determine the manner in which searches for electronically stored information will be conducted to ensure that the requested information is located. Unless further limited in a specific request or mutually agreed, the applicable date limitations shall be from January 1, 2010 to date</u>.

2. *The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

<u>Unless otherwise agreed, electronically stored information will be produced in searchable .pdf or native format and metadata shall be excluded</u>.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

**12. Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under 16(b) and (c)?*

<u>This Court has already entered a Protective Order pursuant to Rule 26(c) to govern the exchange and use of confidential information during discovery. The parties do not foresee any additional orders needed at this time.</u>

**13. Settlement Potential:**

*a. Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 17, 2015, and that they have participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

For Plaintiff: Lead Counsel: John F. Renzulli

    Signature */s/ John F. Renzulli*

Other participants for Plaintiff: Scott C. Allan, Nicole A. Spence, Julianna E. Orgel, Eileen H. Rumfelt

For Defendant: Lead Counsel: Jeffrey D. Horst

    Signature */s/ Jeffrey D. Horst*

Other participants for Defendant: Michael A. Boutros

*All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

    ( ) A possibility of settlement before discovery.

    (X) A possibility of settlement after discovery.

    ( ) A possibility of settlement, but a conference with the judge is needed.

    ( ) No possibility of settlement.

b. *Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.*

<u>An additional settlement conference shall be held after written discovery related to the total number of Airsoft Pistols at Issue Defendant has sold since February 26, 2010 and its total revenue derived from the sale of them has been completed</u>.

*The following specific problems have created a hindrance to settlement of this case:*

<u>None at present</u>.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

   a. The parties (___) do consent to having this case tried before a Magistrate Judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ___ day _____, of 2015.
   b. The parties (X) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 8th day of April 2015.

<table>
<tr><td>

*/s/ Eileen H. Rumfelt*
Christopher E. Parker
Georgia Bar No. 562152
Eileen H. Rumfelt
Georgia Bar No. 040608
**MILLER & MARTIN, PLLC**
1180 West Peachtree Street, N.W.
Suite 2100
Atlanta, Georgia 30309-3407
Tel: (404) 962-6100
Fax: (770) 951-0933

John F. Renzulli (*pro hac vice*)
Scott C. Allan (*pro hac vice*)
Julianna E. Orgel-Eaton (*pro hac vice*)
Nicole A. Spence (*pro hac vice*)
**Renzulli Law Firm, LLP**
81 Main Street
Suite 508
White Plains, New York 10601
Tel: (914) 285-0700
Fax: (914) 285-1213

Attorneys for Plaintiff Glock, Inc.

</td><td>

*/s/ Michael A. Boutros*
Jeffrey D. Horst
Georgia Bar No. 367834
Michael A. Boutros
Georgia Bar No. 955802
**KREVOLIN & HORST, LLC**
One Atlantic Center
1201 West Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
Tel: (404) 888-9700
Fax: (404) 888-9577

Attorneys for Defendant
The Wuster

</td></tr>
</table>

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 2015.

**Attachment A**

**Defendant's Jurisdictional Objection**

Defendant preserves its objection regarding personal jurisdiction, as explained in detail in Defendant's Motion to Dismiss [Dkt. No. 23]

Defendant objects to this Court's subject matter jurisdiction over Plaintiff's state law claims. In its Complaint, Plaintiff argues that this Court has subject matter jurisdiction over its state and common law claims pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs, and pursuant to 28 U.S.C. § 1367(a). Defendant states that Plaintiff has made no showing and will not be able to demonstrate that its state and common law claims exceed $75,000 in damages, meaning diversity jurisdiction is not available. Defendant further states that the Court should therefore decline to exercise supplemental jurisdiction over the state and common law claims.

# Attachment B

# Date Each Airsoft Pistol at Issue First Listed on airsplat.com
# (from information provided by Defendant):

| PISTOL MODEL | FIRST SALE |
| --- | --- |
| 1. WE G17 Airsoft Gas Blowback Gun Tan | July 2013 |
| 2. WE G17 Airsoft Gas Blowback Gun Pistol | December 2011 |
| 3. WinGun 104 G17 Gas Airsoft Gun Pistol | March 2010 |
| 4. HFC G17 Spring Airsoft Gun Pistol | June 2002 |
| 5. HFC G17 Black/Silver Spring Airsoft Gun | June 2002 |
| 6. HFC G17 Gas Blowback Airsoft Gun Pistol | June 2002 |
| 7. KSC G17 Gas Airsoft Blowback Gun Pistol OD | November 2001 |
| 8. UHC G17 Spring Airsoft Pistol Black | August 2013 |
| 9. Army G17 Meister METAL Gas Airsoft Gun | April 2009 |
| 10. KWA ATP Airsoft Gas Blowback Gun Pistol | August 2011 |
| 11. KWA ATP Full Auto Gas Blowback Pistol | August 2011 |
| 12. KWC G17 Airsoft Gas Blowback Gun Pistol | December 2010 |
| 13. HFC G17L G34 Spring Airsoft Gun BS | January 2010 |
| 14. HFC G17L G34 Spring Airsoft Gun Black | January 2010 |
| 15. CYMA G18C Airsoft Spring Gun Pistol ZM17 | February 2012 |
| 16. WE G18C Auto Airsoft Gas Blowback Gun | April 2012 |
| 17. WE G18C Airsoft Gas Blowback Gun Tan | May 2012 |
| 18. Echo1 Timberwolf Airsoft Gas GBB Gun Tan | September 2012 |

| | |
|---|---|
| 19. Echo1 Timberwolf Airsoft Gas GBB Gun BLK | September 2012 |
| 20. APS CO2 Action Combat Airsoft Pistol | March 2013 |
| 21. APS ACP Custom Camo CO2 Pistol Nomad | March 2013 |
| 22. APS ACP Custom Camo CO2 Pistol Mandrake | November 2013 |
| 23. APS ACP Custom Camo CO2 Pistol MCam | November 2013 |
| 24. APS ACP Custom Camo CO2 Pistol Highland | November 2013 |
| 25. APS ACP Custom Camo CO2 Pistol ATC FG | November 2013 |
| 26. APS ACP Custom Camo CO2 Pistol ATC TN | November 2013 |
| 27. APS ACP Custom Camo CO2 Pistol Typhon | November 2013 |
| 28. KSC G19 Gas Airsoft Blowback Gun Pistol | November 2001 |
| 29. WE G19 Airsoft Gas Blowback Gun Pistol | May 2013 |
| 30. WE G19 Airsoft Gas Blowback Gun Tan | May 2013 |
| 31. KJW G23 METAL Gas Airsoft Gun Pistol OD | June 2006 |
| 32. KSC/KWA ATP G23F Full Auto Gas Airsoft Blowback | June 2013 |
| 33. KJW G23 METAL Gas Blowback Airsoft Gun | June 2006 |
| 34. KJW G23C METAL Gas Airsoft Gun GBB OD | June 2006 |
| 35. KJW G23C METAL Gas Blowback Airsoft Gun | June 2006 |
| 36. WE G23C Airsoft Gas Blowback Gun Tan | July 2013 |
| 37. WE G23C Airsoft Gas Blowback Gun Black | July 2013 |
| 38. CYMA Boy G26 Spring Airsoft Gun Pistol | April 2012 |
| 39. HFC G26 Spring Airsoft Gun Pistol Black | March 2003 |
| 40. HFC G26 Spring Airsoft Gun Pistol Silver | March 2003 |
| 41. HFC G26 METAL Airsoft Gas BB Gun Pistol | March 2003 |
| 42. KSC G26C Full Auto Metal Gas Gun | November 2001 |

| | |
|---|---|
| 43. WE G26 Airsoft Gas Blowback Gun Black | July 2013 |
| 44. WE G26 Airsoft Gas Blowback Gun Tan | July 2013 |
| 45. CYMA P698 G30 Spring Airsoft Gun Pistol | August 2008 |
| 46. WE G33 Advance Gas Blowback Pistol Black | July 2013 |
| 47. WE G33 Advance Gas Blowback Pistol Tan | July 2013 |
| 48. WE G34 Airsoft Gas Blowback Gun Pistol | July 2013 |
| 49. WE G35 Auto Airsoft Gas Blowback Gun | July 2013 |